UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Elysium Tiles, Inc and Elysium Tile Florida, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 23-00041 <br><br> Complaint |

# COMPLAINT

Plaintiffs Elysium Tiles, Inc and Elysium Tile Florida, Inc, ("Elysium") by and through their attorneys, alleges and states the following claims against the defendant United States.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this complaint to contest the final scope ruling issued by the U.S. Department of Commerce, International Trade Administration (the "Department"), in the scope inquiry with respect to the Antidumping Duty ("AD") and Countervailing Duty ("CVD") Orders of Ceramic Tile from the People's Republic of China. *See* Memorandum from Carolyn Adis, International Trade

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 2

Compliance Analyst, Office VI through Dana S. Mermelstein, Office Director, Office VI to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, *Ceramic Tile from the People's Republic of China: Final Scope Ruling on Elysium's Composite Tile* (January 25, 2023)('Final Scope Ruling").

## JURISDICTION

2. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(B)(vi) to contest the Final Scope Ruling issued by the Department. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1581(c).

## STANDING

3. Plaintiffs are U.S. importers of products subject to the Final Scope Ruling. Plaintiffs participated in the Department's proceeding that results in the challenged determination and is subject to the Final Scope Ruling. Therefore, Plaintiffs are interested parties as described in 19 U.S.C. §1677(9)(A) and have standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. §1516a(d).

## TIMELINESS OF THIS ACTION

4. The contested Final Scope Ruling was dated January 25, 2023, and was served by certified mail on January 31, 2023. Plaintiffs commenced this action by

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 3

filing a Summons on February 19, 2023, which was within thirty days after the date of the date of service of the Final Ruling by Certified Mail. Plaintiffs are filing this complaint on March 16, 2023, which is within thirty days from the date of the filing of the Summons. Therefore, both the Summons and Complaint have been timely filed pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court and Section 516A(a)(2)(A)(ii) of the Tariff Act (19 U.S.C. § 1516a(a)(2)(A)(ii).

## STANDARD OF REVIEW

5.　This Court reviews final determinations issued by the Department pursuant to 19 U.S.C. §1675(a) to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C.§1516a(b)(1)(B)(i).

## BACKGROUND

6.　On June 1, 2020, the Department published AD/CVD orders on ceramic tile from the People's Republic of China. 85 FR 33089

7.　The Department defined the scope of the Ceramic Tile as follows:

The merchandise covered by the order is ceramic flooring tile, wall tile, paving tile, hearth tile, porcelain tile, mosaic tile, flags, finishing tile, and the like (hereinafter ceramic tile). Ceramic tiles are articles containing a mixture of minerals including clay (generally hydrous silicates of alumina or magnesium) that are fired so the raw materials are fused to produce a finished good that is less than 3.2 cm in actual thickness. All ceramic tile is subject to the scope regardless of end use,

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 4

surface area, and weight, regardless of whether the tile is glazed or unglazed, regardless of the water absorption coefficient by weight, regardless of the extent of vitrification, and regardless of whether or not the tile is on a backing. Subject merchandise includes ceramic tile with decorative features that may in spots exceed 3.2 cm in thickness and includes ceramic tile ''slabs'' or ''panels'' (tiles that are larger than 1 meter2 (11 ft.2)).

Subject merchandise includes ceramic tile that undergoes minor processing in a third country prior to importation into the United States. Similarly, subject merchandise includes ceramic tile produced that undergoes minor processing after importation into the United States. Such minor processing includes, but is not limited to, one or more of the following: Beveling, cutting, trimming, staining, painting, polishing, finishing, additional firing, or any other processing that would otherwise not remove the merchandise from the scope of the order if performed in the country of manufacture of the in-scope product.

Subject merchandise is currently classified in the Harmonized Tariff Schedule of the United States (HTSUS) under the following subheadings of heading 6907: 6907.21.1005, 6907.21.1011, 6907.21.1051, 6907.21.2000, 6907.21.3000, 6907.21.4000, 6907.21.9011, 6907.21.9051, 6907.22.1005, 6907.22.1011, 6907.22.1051, 6907.22.2000, 6907.22.3000, 6907.22.4000, 6907.22.9011, 6907.22.9051, 6907.23.1005, 6907.23.1011, 6907.23.1051, 6907.23.2000, 6907.23.3000, 6907.23.4000, 6907.23.9011, 6907.23.9051, 6907.30.1005, 6907.30.1011, 6907.30.1051, 6907.30.2000, 6907.30.3000, 6907.30.4000, 6907.30.9011, 6907.30.9051, 6907.40.1005, 6907.40.1011, 6907.40.1051, 6907.40.2000, 6907.40.3000, 6907.40.4000, 6907.40.9011, and 6907.40.9051. Subject merchandise may also enter under subheadings of headings 6914 and 6905: 6914.10.8000, 6914.90.8000, 6905.10.0000, and 6905.90.0050. The HTSUS subheadings are provided for convenience and customs purposes only. The written description of the scope of the order is dispositive.

8.   On April 11, 2022 Elysium filed its scope ruling.

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 5

9. On April 28, 2022 the Coalition of Fair Trade in Ceramic Tile ("CFTCT") filed an objection claiming that Elysium had failed to serve the Coalition.

10. On May 12, 2022 the Department rejected the scope ruling.

11. On May 24, 2022 Elysium filed a request to reconsider the rejection of the scope ruling and established that CFTCT's objection was based on inaccurate facts and that CFTCT had, in fact, been served.

12. On June 2, 2022 the Department initiated the scope ruling review.

13. On July 5, 2022 CFTCT filed a response to the scope ruling request.

14. On July 19, 2022 Elysium filed a reply to CFTCT's response.

15. On September 26, 2022 the Department conducted an *ex parte* visit to Florida Tile, a member of CFTCT. The Department issued a legally insufficient record of the *ex parte* meeting, failing to identify the time of the meeting and failing to provide an adequate summary of the matters discussed or submitted.

16. On September 27, 2022 the Department issued a supplemental questionnaire to Elysium.

17. On October 11, 2022 Elysium submitted its response to the supplemental questionnaire.

18. On October 11, 2022 Elysium objected to the *ex parte* meeting held

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 6

with Florida Tile on the basis that Florida Tile did not produce products similar to those produced by Elysium. Elysium also requested that the Department grant Elysium its own meeting with the Department to address the production process. The Department did not reply to this objection and request for a meeting.

19. On October 26, 2022 CFTCT filed comments on Elysium's supplemental questionnaire response.

20. On November 1, 2022 Elysium responded to the comments filed by CFTCT.

21. On January 26, 2022 the Department issued the final scope ruling.

22. On February 2, 2022 the Department placed the proof of mailing on the record.

## CLAIMS

### COUNT ONE

23. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein

24. Commerce has an obligation to deal fairly with all parties and provide similar opportunities for parties to submit information and argument.

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 7

25. The Department did not deal fairly with all parties, holding an *ex parte* meeting with representative of CFTCT at one of their production facilities, while refusing to hold a meeting of any kind with Elysium.

26. The refusal of the Department to hold a meeting with Elysium deprived Elysium of the ability to present its arguments directly to the Department.

## COUNT TWO

27. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein

28. 19 CFR §207.5 requires the Department to include a record of *ex parte* meetings including "the identity of the persons present at the meeting, the date, time, and place of the meeting, and a summary of the matters discussed or submitted."

29. The Department's memorandum failed to identify the time of the meeting and did not contain a summary of the matters discussed submitted.

30. An insufficient memorandum, failing to provide a summary of the matters discussed, particularly where as here the Department does not have a process of receiving legal argument, is prejudicial as information presented in the *ex parte* meeting cannot be addressed or rebutted if the substance is unknown.

## COUNT THREE

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 8

31. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein.

32. The composite tile produced by Elysium is not ceramic tile for purposes of the antidumping and countervailing duty order.

33. The production operations undertaken were substantial and resulted in a conversion of the various raw materials including a ceramic tile underlay and a marble surface layer into a new and different article of commerce – a composite tile.

34. The marble component is significantly more valuable than any other component and provides the essential character to the finished good.

35. The operations undertaken on the marble component were significant, go beyond mere finishing operations and are far more complex than the operations undertaken on any other component.

36. The end user/consumer only sees the marble component when it views the final installed product.

## COUNT FOUR

37. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein.

38. The Scope of the Order expressly states that "Ceramic tiles are articles containing a mixture of minerals including clay (generally hydrous silicates of

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 9

alumina or magnesium) that are **fired** so the raw materials are **fused** to produce a finished good that is less than 3.2 cm in actual thickness".

39. The finished good is not produced by firing and the raw materials are not fused to produce a finished good.

40. The underlying product expressly falls outside of the scope language as firing the final product would not fuse the various components into a finished good, and in fact would destroy the product and separate the components into unusable pieces. Therefore, the scope language which requires that the product be fired such that the raw materials are fused to produce a finished good, precludes inclusion of this product as within scope.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to four of plaintiffs' complaint;
2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;
3. Awarding attorney fees and costs; and

*Elysium Tiles, Inc and Elysium Tile Florida, Inc v. United States*
Court No 23-00041
March 16, 2023
Page 10

    4.  Providing such other relief as the court may deem just and appropriate.

                                  Respectfully submitted,

                                  /s/ David J. Craven

                                David J. Craven
                                Craven Trade Law LLC
                                3744 N Ashland
                                Chicago, IL 60613
                                (773) 245-4010
                                dcraven@craventrade.com

                                Counsel to Elysium Tiles, Inc and
                                Elysium Tile Florida, Inc

Date: March 16, 2023