UNITED STATES COURT OF INTERNATIONAL TRADE
Before: Hon. Jane A. Restani, Judge

| | |
|---|---|
| Elysium Tiles, Inc and Elysium Tile Florida, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> United States, <br><br> Defendant <br><br> and <br><br> The Coalition for Fair Trade in Ceramic Tile, <br><br> Defendant-Intervenor. | Court No. 23-00041 |

**Comments on Remand Determination**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
Counsel for Plaintiffs

Dated: December 2, 2024

# Table of Contents

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

    A. Introduction ................................................................................. 1

    B. Summary of Argument ............................................................... 1

II. ARGUMENT ................................................................................. 1

    REMAND DETERMINATION ........................................................... 1

    A. The Department's Summary of the *Ex Parte* meeting was Adequate ...................................................................................... 1

    B. The *Ex Parte* Meeting Held with Plaintiff was too Late to be Effective ....................................................................................... 2

    C. The Remand Finding that the Scope Language is Dispositive is Unsupported .................................................................................. 2

        *1.* The Express Language does not support the Remand Determination ............................................................................. 2

        *2.* The Substantial Nature of the Processing is Relevant ............ 3

    Interested Party Comments on Draft Results ................................... 5

    A. *Ex Parte* Meeting ........................................................................ 5

    B. Scope of the Order ...................................................................... 5

III. CONCLUSION ............................................................................. 7

I.   **INTRODUCTION AND SUMMARY OF ARGUMENT**

   A. **Introduction**

Pursuant to the Court's remand order, plaintiffs Elysium Tiles, Inc and Elysium Tile Florida, Inc respectfully submit their comments on the Department's Remand determination.   As demonstrated below, the remand determination should be rejected by the Court and the arguments submitted by defendant and defendant-intervenor are  unavailing.

   B. **Summary of Argument**

- The summary of the *ex parte* meeting generated by the Department was adequate.  While the Department held a meeting with counsel for Elysium during the remand process, such meeting was too late in the process to be effective.

- The Department has misread the scope language and the interpretation of this scope language is not dispositive.

II.   **ARGUMENT:**

   **REMAND DETERMINATION**

   A. **The Department's Summary of the *Ex Parte* meeting was Adequate**

On remand the Department was directed to issue a new, and more complete, summary of the *ex parte* meeting.  The new memorandum issued by the Department appears to be adequate and satisifies the legal requirements.

1

### B. The *Ex Parte* Meeting Held with Plaintiff was too Late to be Effective

At the conclusion of the remand process, the Department offered to plaintiffs an opportunity to hold an *ex parte* meeting. The Department held such a meeting on October 23, 2024, which date was after the release of the draft remand results. (Remand at 7) As the remand was filed a scant days later, it is likely that the Department did not have time to fully process the points presented in the meeting. This does not, however, appear to be a remedial wrong, and thus the Court likely can take no further action on this point.

### C. The Remand Finding that the Scope Language is Dispositive is Unsupported

The Department remand discusses the specific language of the order and continues to hold that the Elysium product is simply decorated tile. (Remand at 9) The Department based its analysis solely on the express language in the scope and did not address the (k)(2) factors. (Remand at 5)

#### 1. *The Express Language does not support the Remand Determination*

The remand determination continues to rely upon the "express" language in making its determination. However, in making this decision, the Department continues to ignore the critical fact that while the product in question may incorporate ceramic tile, but is not ceramic tile. The substantial value of the marble means that the product is chief value marble, (Remand at 25) and critically, such marble is permanently bonded with the ceramic component to produce a new and different article of commerce. (Remand at 10) Furthermore, the Department focuses on only part of the language and ignores other critical language in the statute. In

fact, the Department analysis simply ignores the inconvenient plain language of the order and "rewrites" the language of the order by writing out key words. The order states:

> *Ceramic tiles are articles containing a mixture of minerals including clay (generally hydrous silicates of alumina or magnesium)* ***that are fired so the raw materials are fused to produce a finished good*** *that is less than 3.2 cm in actual thickness.*
> Order (Emphasis Added)

Plaintiff submits that this language is clear and unequivocal. It contemplates the firing of the **raw materials** is necessary in order to fuse such raw materials to produce a **finished good**. The firing, in this case, does not produce the "finished good", it produces a component or material which goes into the finished good, and is at most a co-equal component. The composite marble tile is the finished good. The raw materials, including the most valuable raw material, the marble, are not fired to produce a **finished good**. The good is no longer ceramic tile, it is something more than ceramic tile.

With respect to the 3.2 cm issue, this is not in dispute. The composite marble tile does not exceed 3.2 cm, and thus the issue as to the nature of the 3.2 cm language need not be addressed.

    2.    *The Substantial Nature of the Processing is Relevant*

The remand decision (Remand at 13-14) also continues to argue that the nature of the processing is ultimately irrelevant to scope and that while minor processing is

3

addressed, it is also inapplicable as the Elysium tile was made in China and the minor processing language refers to the operations that take place outside of China. (remand at 15)   This is a mis-reading of the order.    The "minor processing" language refers to product that is within scope when it is exported from China and explains how minor processing in a third country does not remove it from scope. The corollary is that if it is more than minor processing, it would remove the product from scope as the resultant product is something other than a ceramic tile.  However, if such processing occurs in China, the resultant product would already be out of scope at the time of export from China.   Thus, the nature of the substantial processing in China, and the fact that it goes beyond minor processing after completion of the ceramic tile component is critical as it indicates that the resultant product is more than ceramic tile.

As discussed previously, the operations undertaken on the "composite tile" is significant, going far beyond the types of operations enumerated in the order.  In the production operation the marble goes from a block to a finished product through multiple operations[1].   To find that the significant operations undertaken after production of the completed ceramic tile component does not result in a new and

---

[1] We respectfully disagree with the Court that the operations undertaken on the marble to produce the marble tile pieces is not part of the production operation of the composite tile.  The preparation of the raw material for incorporation into the final product is necessarily part of the production operation.

different article of commerce would wholly undermine the "minor processing" and "firing necessary for finished article" language in the order.

Finally, in the remand determination, the Department acknowledges that evidence of record (the table submitted by Elysium) that this evidence indicates that composite tile is between ceramic and solid marble tile, but then says that this does not "detract" from our determination in this remand. (Remand at 19)  Thus, the Department does, in fact, acknowledge the existence of an intermediate product.

In sum the actual remand does not properly explain why the product at issue is merely decorated ceramic tile and ignores key facts and key language in the scope of the order.

**Interested Party Comments on Draft Results**

Both plaintiff and defendant-intervenor submitted comments on the draft remand.  The Defendant addressed these comments and plaintiff now comments on the responses.

**A. *Ex Parte* Meeting**

This issue was discussed above and there is no substantial disagreement with the conclusion of the defendant.

**B. Scope of the Order**

This issue was discussed above.  In reply to this comment, the Department continues to argue that since the composite tile was produced entirely in China, the minor

processing language does not apply. This, as discussed above, does not take into account Elysium's argument that the processing in China converts the product into something more than ceramic tile, and thus exports from China would not be of subject merchandise, just like a substantial operation performed in a third country would convert the product into something more than ceramic tile. It is ultimately not the "location" or even the "operation" which moves the composite tile out of scope, it is the change in the nature of the goods which moves the composite tile out of scope.

The defendant also argued that the fact that the tile was not fired a second time is not necessary to be subject merchandise and noted that certain auxiliary materials, such as the textile webbing or the decoration would be destroyed by a second (or final) firing. (Remand at 24) This, again, ignore the nature of the products. All of the examples cited by the defendant might have the mesh or the decoration destroyed by the second filing, but the resultant product would continue to be a fully functional tile, albeit without the web or the painted surface. In contrast, a second firing would destroy the composite tile and it would no longer function as tile. Again, the language in the scope is fused to make a finished good.

Finally, the Department rejects the relevance of the fact that composite tile can be made with a backing of other than ceramic materials, noting that the fact that a similar product may be manufactured with other materials is irrelevant. This,

6

however, ignores the fact that this is further evidence that composite tile is a separate and distinct product that can be produced from Marble and a number of other materials.

### III. CONCLUSION

In conclusion, the remand results should be rejected and the matter to be remanded again to the Department. Based on the facts of record, it's clear that the product the subject of the scope ruling was outside of the scope of the order. The express language of the order states that the product must be "***fired so the raw materials are fused to produce a finished good***". The facts establish that the **finished** good is not fired, and that any firing occurs at an early stage of the production process. Quite to the contrary, if all the raw materials were fired, a finished good would not result and the finished good would be destroyed.

Furthermore, the operations undertaken on the raw materials, including the marble, were substantial and were not minor processing operations. It is also clear that the marble component, which is also the most valuable component, is more than mere decoration and is functional.

The Court should again remand this matter to the Department with instructions that the Department find that the CMT the subject of the Elysium Scope request is, as a matter of law, outside the scope of the order and that the Department issue notice of the determination and liquidation instructions to that effect.

Respectfully submitted,

/s/ David Craven
David Craven
Counsel to Elysium Tiles, Inc and Elysium Tile Florida, Inc

Dated: December 2, 2024

Case 1:23-cv-00041-JAR     Document 55     Filed 12/02/24     Page 10 of 10