UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

_____

|  |  |
|---|---|
| ELYSIUM TILES, INC., and ELYSIUM TILE FLORIDA, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) |
| and | ) ) |
| THE COALITION FOR FAIR TRADE IN CERAMIC TILE, | ) ) ) ) |
| Defendant-Intervenor. | ) ) |

Court No. 23-00041

**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | L. MISHA PREHEIM<br>Assistant Director |
| OF COUNSEL:<br>LESLIE M. LEWIS<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>Washington, D.C.<br><br>January 13, 2025 | CHRISTOPHER A. BERRIDGE<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 598-7392<br>E-mail: Christopher.Berridge@usdoj.gov<br>Attorneys for Defendant United States |

**TABLE OF CONTENTS**

**PAGES**

BACKGROUND ........................................................................................................ 2

    I.      The Administrative Determination Under Review And Remand Order ..... 2

    II.     Remand Proceeding And Remand Redetermination ................................. 3

ARGUMENT ............................................................................................................. 5

    I.      Standard Of Review .................................................................................. 5

    II.     The Court Should Sustain Commerce's Remand Redetermination
          Because It Is Supported By Substantial Record Evidence And Is
          In Accordance With Law ......................................................................... 5

    III.    The Court Should Sustain Commerce's Remand Pertaining
          to the *Ex Parte* Meeting Because Commerce's Summary Is
          In Accordance With Law ..…………………………………………….12

CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGES**

*Elysium Tile v. United States*,
    719 F. Supp. 3d 1289 (Ct. Int'l Trade 2024)……………………………1, 2, 5, 12

*Fedmet Resources Corp. v. United States*,
    755 F.3d 912 (Fed. Cir. 2014)……………………………………………………9

*MacLean-Fogg Co. v. United States*,
    100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015)…………………………………..5

*Meridian Prods., LLC v. United States*,
    851 F.3d 1375 (Fed. Cir. 2017)……………………………………………. 9

*Saha Thai Steel Pipe Pub. Co. v. United States*,
    101 F.4th 1310 (Fed. Cir. 2024)………………………………………………….7

**STATUTES**

19 U.S.C. § 1561a(b)(1)(B)(i)…………………………………………………………….5

19 U.S.C. § 1677f(a)(3)………………………………………………………………….12

**REGULATIONS**

19 C.F.R. § 351.225(k)(1)…………………………………………………………..*passim*

19 C.F.R. § 351.225(k)(2)…………………………………………………………..*passim*

**ADMINISTRATIVE DETERMINATIONS**

*Ceramic Tile From the People's Republic of China*,
    85 Fed. Reg. 33,089 (Dep't of Commerce June 1, 2020)…………………..*passim*

*Ceramic Tile From the People's Republic of China*,
    85 Fed. Reg. 33,119 (Dep't of Commerce June 1, 2020)…………………..*passim*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| ELYSIUM TILES, INC., and ELYSIUM TILE FLORIDA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE COALITION FOR FAIR TRADE IN CERAMIC TILE, <br><br> Defendant-Intervenor. | Court No. 23-00041 |

## **DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments filed by plaintiff Elysium Tile, Inc. and Elysium Tile Florida, Inc. (collectively, Elysium), ECF No. 55, and defendant-intervenor Coalition for Fair Trade in Ceramic Tile (Coalition), ECF No. 54, concerning the United States Department of Commerce's final results of redetermination filed in accordance with this Court's decision and remand order in *Elysium Tile v. United States*, 719 F. Supp. 3d 1289 (Ct. Int'l Trade 2024). *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 52-1, Oct. 29, 2024 (Remand Results). The Court should sustain Commerce's remand redetermination because it complies with the remand order, and it is supported by substantial evidence and otherwise in accordance with law.

## BACKGROUND

**I.    Administrative Determination Under Review And Remand Order**

The administrative determination under review is Commerce's final scope ruling on Elysium's composite tile for the ceramic tile from China antidumping and countervailing duty orders. *See* Ceramic Tile from the People's Republic of China: Final Scope Ruling on Elysium's Composite Tile (Dep't of Commerce Jan. 25, 2023) (Final Scope Ruling) (P.R. 40).[1] In the final scope ruling, Commerce found that composite tile imported by Elysium is within the scope of the *Orders*. *See* Final Scope Ruling at 1 (P.R. 40); *see also Ceramic Tile from the People's Republic of China*, 85 Fed. Reg. 33,089 (Dep't of Commerce June 1, 2020) (AD order); *Ceramic Tile from the People's Republic of China*, 85 Fed. Reg. 33,119 (Dep't of Commerce June 1, 2020) (CVD order) (collectively, the *Orders*). Elysium appealed Commerce's determination.

On July 18, 2024, the Court remanded Commerce's scope ruling because the agency: (1) failed to provide an adequate summary of an *ex parte* meeting; and (2) failed to show with substantial evidence either that under a 19 C.F.R. § 351.225(k)(1) analysis the scope language contemplates products such as marble composite tile, or that under the 19 C.F.R. 351.225(k)(2) factors, the marble composite tile truly is considered a form of ceramic tile in purpose, function, advertising and use. *Elysium*, 719 F. Supp. 3d at 1302.[2]

---

[1] "P.R." refers to the documents in the public administrative record. "P.R.R." refers to the documents in the public remand record. "C.R." refers to documents in the confidential administrative record and "C.R.R." refers to documents in the confidential remand record.

[2] In its remand order, the Court noted that Elysium had submitted its scope application to Commerce prior to the agency's recent scope regulation revisions, and, therefore, the Court cited to the prior regulations. *Elysium*, 719 F. Supp. 3d at 1302; *see also* 19 C.F.R. § 351.225(k) (2023).

**II.     Remand Proceeding And Remand Redetermination**

On October 8, 2024, Commerce issued a draft redetermination along with a supplement to its *ex parte* memorandum. *See* Draft Results of Redetermination at 7 and Appendix (Oct. 8, 2024). In the draft redetermination, Commerce found that Elysium's composite tile fall within the scope of the *Orders* and explained that, in accordance with section 351.225(k)(1) of the agency's regulations, the description of the product in Elysium's scope application and supplemental responses, the scope language, and information from the investigations are dispositive on the matter. *Id.* at 9. Accordingly, on remand, Commerce did not analyze or rely on the (k)(2) factors in the draft redetermination. *Id.*

Specifically, in the draft redetermination, Commerce found that the base layer of the composite tile is explicitly covered by the scope as it is comprised of porcelain or vitrified ceramic. *Id.* at 9-10. Next, Commerce explained that the marble layer of the composite tile "is a surface decoration or decorative feature of the ceramic tile" and that the product falls within scope as "ceramic tile with decorative features." *Id.* at 10. Thus, Commerce found that the plain scope language demonstrates that all ceramic tile is covered by the scope including that with decorative features and the scope does not limit the term "decorative features." *Id.* at 11, 11-12.

Commerce also explained that the scope does not limit coverage by production process or level of processing, and that the process to produce merchandise *in China*, regardless of the level, is not dispositive as to whether the product is covered by the *Orders*. *Id.* at 14-17 (emphasis added). Because Elysium's composite tile is produced, in its entirety, in China, the determinative question for Commerce was whether the product meets the physical description of subject merchandise. Using the (k)(1) factors, Commerce determined that it does. *Id.* at 18. Finally, Commerce explained that, on remand, it did not rely on a table submitted by Elysium

3

comparing ceramic, marble and composite tile; however, Commerce nonetheless found that the table does not detract from its determination that Elysium's composite tile falls within the scope of the *Orders*. *Id*. at 18-19.

Interested parties commented on Commerce's draft redetermination. *See* Elysium Comments (Oct. 15, 2024); Coalition Comments (Oct. 15, 2024). The Coalition and Elysium agreed regarding the sufficiency of Commerce's *ex parte* memorandum summary supplement. *See* Elysium Comments at 1-2; Coalition Comments at 8. The Coalition also agreed with Commerce's draft redetermination that Elysium's composite tile falls within the *Orders*' scope. Coalition Comments at 4-8. However, Elysium disagreed with Commerce's analysis and conclusions. Elysium Comments at 2-4. On October 24, 2024, at Elysium's request, Commerce held an *ex parte* meeting with Elysium. *See* Commerce Memorandum, "Meeting with Elysium Tile, Inc.," dated October 23, 2024.

On October 29, 2024, Commerce filed its final remand redetermination with the Court. *See* Remand Redetermination, ECF No. 52. In the final redetermination, Commerce explained that it had complied with the Court's remand order by supplementing the *ex parte* memorandum with a substantive meeting summary. Remand Results at 20. Moreover, Commerce continued to find that Elysium's composite tile is within the scope of the *Orders*. *See* Remand Results at 20-25. Commerce explained that because Elysium's tile is produced, in its entirety, in China, the level of processing is not dispositive to its scope coverage, and therefore, on remand, Commerce did not make a finding on the level of processing of Elysium's composite tile. *Id*. at 22. In addition to responding to Elysium's comments, Commerce reiterated its position that "a product may undergo a complex manufacturing process in China, but if that manufacturing and processing in China results in a product that meets the physical definition of in-scope

4

merchandise, then the resulting product would be in-scope." *Id*. at 22, 22-26. Ultimately, Commerce continued to find that Elysium's composite tile matches the physical description of merchandise subject to the scope and, therefore, on remand, Commerce found that Elysium's composite tile is in-scope.

## ARGUMENT

### I. Standard Of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

### II. The Court Should Sustain Commerce's Remand Redetermination Because It Is Supported By Substantial Record Evidence And Is In Accordance With Law

Commerce's remand redetermination is supported by substantial evidence and is otherwise in accordance with law. In its remand order, the Court held that Commerce must either show under a (k)(1) analysis that the scope language contemplates products such as Elysium's composite tile, or that under the (k)(2) factors the marble composite tile truly is considered a form of ceramic tile in purpose, function, advertising and use. *Elysium*, 719 F. Supp. 3d at 1302. On remand, Commerce conducted a (k)(1) analysis and found that the scope language includes Elysium's composite tile product and therefore did not undertake a (k)(2) analysis. Accordingly, Commerce complied with the Court's order.

Commerce reasonably concluded that the scope contemplates coverage of Elysium's composite tile product based on a (k)(1) analysis. As explained in the remand redetermination, Commerce found that Elysium's composite tile, as described in Elysium's scope ruling

5

application and submissions, falls within the scope of the *Orders* covering ceramic tile with decorative features. Remand Results at 10.

First, the scope of the *Orders* covers "ceramic flooring tile, wall tile, paving tile, hearth tile, *porcelain tile*, mosaic tile, flags, finishing tile, and the like (hereinafter ceramic tile)." *Orders*, 85 Fed. Reg. at 33,117 (emphasis added). Elysium's composite tile is made of a ceramic tile base layer; an aviation grade epoxy to permanently bond the top and base layers; and a top marble layer. Remand Results at 9-10. Elysium also described to Commerce that the "chief weight" of its composite tile product rests in the base layer, which is porcelain or vitrified ceramic. *Id.* at 9 (citing Elysium's Scope Application at Attachment II (page 4)). Because porcelain tile is expressly covered by the plain language of the *Orders*, Commerce found, and Elysium agreed, that the base layer of Elysium's product would be subject to the *Orders*. *Id.* at Attachment II (page 3).

Next, the scope of the *Orders* also specifies that "{s}ubject merchandise includes ceramic tile with decorative features that may in spots exceed 3.2 cm in thickness … {.}" *Orders*, 85 Fed. Reg. at 33,117. As explained in the remand redetermination, Commerce found that this "decorative features" language demonstrates an intent that the scope cover ceramic tile with decorative features. Remand Results at 11. The scope continues that "*{a}ll ceramic tile* is subject to the scope regardless of end use, surface area, and weight, regardless of whether the tile is glazed or unglazed, regardless of the water absorption coefficient by weight, regardless of the extent of vitrification, and regardless of whether or not the tile is on a backing." *Orders*, 85 Fed. Reg. at 33,117. Commerce explained that "when read together with the preceding sentence," these sentences indicate that the scope covers all ceramic tile, which Commerce interpreted to be inclusive of ceramic tile with decorative features. Remand Results at 11. Additionally,

6

Commerce explained that the term "decorative features" is not defined by the scope of the *Orders*, but, neither is it limited. *Id*.

As Commerce explained, Elysium described that the marble top layer of its composite tile product is added to the visible portion of the tile to "enhance the appearance of the tile, provide the look and feel of a natural marble surface and the appearance of a natural stone product." Remand Results at 10 (citing sources). Given Elysium's product description, Commerce reasonably concluded that the marble layer falls within the "decorative feature" scope language as it is affixed to the visible portion of the ceramic tile. *Id*. Accordingly, Commerce found that Elysium's composite tile falls within the scope of the *Orders*.

Although the Coalition agrees with Commerce's finding, *i.e.*, Coalition Comment at 3-4 (ECF No. 54), Elysium does not. Elysium Comment at 2-5 (ECF No. 55). But Elysium's disagreement is meritless. Elysium faults Commerce for relying on the "express" scope language (Elysium Br. at 2), but the express scope language is exactly what Commerce should rely on, and indeed did rely on, to reach its remand redetermination. *Saha Thai Steel Pipe Pub. Co. v. United States*, 101 F.4th 1310, 1323 (Fed. Cir. 2024) (stating that the scope language is the "cornerstone" of the interpretative scope ruling analysis). In the remand redetermination, Commerce explained that "the description of the product in Elysium's Scope Application and supplemental responses, the *Orders*' scope language, and information from the investigations are dispositive as to whether Elysium's composite tile falls within the scope of the *Orders*, in accordance with 19 C.F.R. 351.225(k)(1)." Remand Results at 9. Section 351.225(k)(1) of the agency's regulations states that:

> In determining whether the product covered by the scope of the order at issue, {Commerce} will consider the language of the scope and may make its determination on that basis alone if the

7

> language of the scope, including descriptions of merchandise
> expressly excluded from the scope, is dispositive.

In making a scope ruling under this (k)(1) paragraph, Commerce, at its discretion, may take into account primary interpretative sources, including the descriptions of merchandise contained in the petition and initial investigation; previous or concurrent determinations by Commerce, including prior scope rulings, memoranda, or clarifications pertaining to both the order at issue, as well as other orders within the same or similar language as that of the order at issue; and determinations of the Commission pertaining to the order at issue, including reports issued pursuant to the Commission's initial investigation. 19 C.F.R. § 351.225(k)(1)(i). Additionally, Commerce may consider secondary interpretative sources, such as any other determinations of Commerce or the ITC, U.S. Customs and Border Protection rulings or determinations, industry usage, dictionaries, and any other relevant record evidence. 19 C.F.R. § 351.225(k)(1)(ii).

If Commerce determines that (k)(1) sources are determinative, it will issue a final scope ruling as to whether the merchandise is subject to the scope of the order in accordance with the regulation. Remand Results at 8. That is precisely the lawful path Commerce took on remand. *Id*. at 9. Elysium's preference for a different outcome does not require Commerce to conduct a (k)(2) analysis when the (k)(1) sources are dispositive. 19 C.F.R. § 351.225(k)(2); Remand Results at 8.

Next, Elysium claims that Commerce ignored that its product "is not ceramic tile." Elysium Br. at 2. This is demonstrably untrue. The record instead shows that Commerce considered the fact that Elysium's composite tile incorporates ceramic tile *along with* the addition of the marble layer as a decorative feature, and moreover that Commerce appropriately relied on Elysium's own product descriptions to make the remand redetermination. Remand Results at 9-10 (outlining Elysium's product description). It is undisputed that Elysium's

composite tile comprised a ceramic tile base layer which would be subject to the *Orders*. *Id*. at 9 (citing Elysium's Scope Application at Attachment II (page 4)). Relying on Elysium's product description, Commerce reasonably found that the marble layer is a decorative feature of the ceramic tile and that the marble top layer does not remove the composite tile, which is comprised of a ceramic tile base that constitutes the chief weight of the composite tile, from the scope of the *Orders*. Remand Results at 10. Nevertheless, Elysium argues that its product is "not ceramic tile" or is "a new and different article of commerce" which, consequently, is not subject to the antidumping and countervailing duties associated with ceramic tile. Elysium Br. at 2-3. But regardless of Elysium's objections, Commerce lawfully relied on record evidence, including the product descriptions provided by Elysium itself in its Scope Ruling Application and supplemental submissions. Because Commerce determined that (k)(1) sources were dispositive, it was unnecessary for Commerce to further consider additional (k)(2) factors offered by Elysium such as the "substantial value of the marble." *See* Elysium Br. at 2; *see also* 19 C.F.R. § 351.225(k)(2)(ii); *Fedmet Res. Corp. v. United States*, 755 F.3d 912, 922 (Fed. Cir. 2014); *Meridian Prods., LLC v. United States*, 851 F.3d 1375, 1382 (Fed. Cir. 2017).

Elysium next argues that Commerce "simply ignores the inconvenient plain language of the order" and "rewrites" the scope language. Elysium Br. at 3. According to Elysium, the supposed "inconvenient" language is: "{c}eramic tiles are articles containing a mixture of minerals including clay (generally hydrous silicates of alumina or magnesium) that are fired so the raw materials are fused to produce a finished good that is less than 3.2 cm in actual thickness." *Id*. According to Elysium, "{t}he firing, in this case, does not produce the 'finished good.'" *Id*. But, as Commerce found and as Elysium seems to acknowledge, the base layer of Elysium's product is indeed ceramic tile which would be covered by the scope of the *Orders*.

9

Remand Results at 9-10; Elysium Br. at 2. In the remand redetermination, Commerce explained that the scope covers "ceramic tile with decorative features," and that the marble layer of Elysium's composite constitutes a "decorative feature of the ceramic tile." Remand Results at 9-10. Commerce explained that a second firing is not required for a product to be subject to the scope and nothing in the scope language requires that firing must be the *final* production stage, as Elysium insists. *Id*. at 24. The scope language also includes other ceramic tile products that do not undergo a second firing. *Id*. Moreover, while the scope defines ceramic tile as "articles containing a mixture of minerals … that are fired so the raw materials are fused to produce a finished good that is less than 3.2 cm in actual thickness," the *Orders* also state that "{s}ubject merchandise includes ceramic tile with decorative features that may in spots exceed 3.2 cm in thickness … {.}" *Orders*, 85 Fed. Reg. at 33,117.

    Elysium argues that the "substantial nature of the processing is relevant" and that Commerce has "mis-read" its order. Elysium Br. at 3, 4. Commerce did not misread its order. As Commerce explained, the scope expressly provides that merchandise which has undergone minor processing *in another country* is not excluded from the ceramic tile from China *Orders*. Remand Results at 14. Nothing in the scope indicates that the language operates to exclude ceramic tile which undergoes extensive, significant, or specialized processing in China, as long as the product remains ceramic tile within the meaning of the scope language when the processing is completed. *Id*. On remand, Commerce thoroughly explained its rationale for finding that Elysium's composite tile falls within the scope of the *Orders* as ceramic tile with decorative features. *Id*. at 9-10. Elysium's product is produced, in its entirety, in China. *Id*. at 14. Therefore, contrary to Elysium's argument, the "substantial nature of processing" is irrelevant.

The determinative question is whether Elysium's composite tile meets the physical description of subjection merchandise. Remand Results at 15. On remand, Commerce reasonably concluded that it does because it consists of a porcelain or vitrified ceramic tile base layer, that is explicitly covered by the plain language of the scope, to which a decorative marble top layer has been added. *Id*. at 17-18 and 9-10. Commerce explained that because the marble top layer is added in the country of production (*i.e.*, China), the minor processing scope language is inapplicable because there is no scope limitation on subject merchandise based on production process. *Id*. at 18. Consequently, regardless of the level or type of processing involved to make and adhere the marble top layer to the rest of the tile, Commerce concluded that the marble top layer on the ceramic tile constitutes a decorative feature which does not remove the composite tile from the scope of the *Orders*. *Id*.

Elysium also claims that Commerce "acknowledge{d} the existence of an intermediate product," by referencing Elysium's comparison table in the remand redetermination. Elysium Br. at 7. Elysium is incorrect. Specifically, the Court stated in its remand order that the comparison table is ambiguous and, on remand, even though Commerce did not engage in analysis under 19 C.F.R. § 351.225(k)(2), Commerce considered whether evidence detracted from its determination. Remand Results at 22-23. As stated above, on remand, Commerce found that Elysium's composite tile falls within the scope of the *Orders* in accordance with 19 C.F.R. § 351.225(k)(1), and thus, the agency did not rely on the comparison table provided by Elysium, a (k)(2) source, to make its scope ruling. Remand Results at 18. Still, Commerce explained that "the fact that the table indicates that composite tile is between ceramic and solid marble tile does not detract from Commerce's determination." *Id*. Contrary to Elysium's claim that Commerce acknowledged "the existence of an intermediate product," Commerce simply

11

acknowledged the contents of the comparison table to explain the agency's consideration of whether it detracts from the scope determination, which it did not.

### III. The Court Should Sustain Commerce's Remand Pertaining To The *Ex Parte* Meeting Because Commerce's Summary Is In Accordance With Law_____

Commerce's remand redetermination complies with the Court's remand order with respect to the *ex parte* meeting summary. The Court found that Commerce's initial summary of the September 20, 2022 *ex parte* meeting at Florida Tile, Inc. was "plainly insufficient" to satisfy the summary requirements of 19 U.S.C. § 1677f(a)(3). *Elysium*, 719 F. Supp. 3d at 1295-1296. The Court explained that a substantive summary should "provide sufficient context" regarding, for example, the communications held during the meeting, the types of information exchanged, and the roles held by any participants at the meeting. *Id.* Consequently, the Court ordered on remand that Commerce provide a more substantive summary of the *ex parte* meeting. *Id.* at 1302.

On remand, Commerce supplemented its original memorandum. Remand Results at Appendix 1-2. Per the Court's instructions, Commerce provided additional context as to the nature of the meeting, the types of communications held, and the roles of participants. *Id.* Accordingly, Commerce's *ex parte* summary on remand is both substantive and in compliance with the Court's remand order. Additionally, all parties agree that Commerce's summary is now adequate and satisfies the legal requirements of 19 U.S.C. § 1677f(a)(3). The Court should thus sustain Commerce's remand results pertaining to the *ex parte* meeting matter.

## **CONCLUSION**

For these reasons, this Court should sustain Commerce's remand redetermination and enter final judgment for the United States.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
|  | /s/ Christopher A. Berridge |
| Counsel:<br>LESLIE M. LEWIS<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement & Compliance<br>U.S. Department of Commerce<br>Washington, D.C. 20230 | CHRISTOPHER A. BERRIDGE<br>Trial Attorney<br>U.S. Department of Justice<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 598-7392<br>E-mail: Christopher.Berridge@usdoj.gov |
| January 13, 2025 | *Attorneys for Defendant United States* |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the Rules of this Court and the Court's scheduling order in that it contains 3,504 words, including text, footnotes, and headings In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

/s/Christopher A. Berridge

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE
_____
)
ELYSIUM TILES, INC., and ELYSIUM TILE )
FLORIDA, INC.,                        )
                                      )
                Plaintiffs, )
                                      )
   v.                                 )
                                      )
UNITED STATES,                        )
                                      )  Court No. 23-00041
                Defendant, )
                                      )
   and                                )
                                      )
THE COALITION FOR FAIR TRADE IN       )
CERAMIC TILE,                         )
                                      )
                Defendant-Intervenor. )
_____)

**ORDER**

Upon consideration of the U.S. Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety.

                                                                           _____
                                                                                 JUDGE

Dated: _____
      New York, NY