UNITED STATES COURT OF INTERNATIONAL TRADE
Before: Hon. Jane A. Restani, Judge

| | |
|---|---|
| Elysium Tiles, Inc and Elysium Tile Florida, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> United States, <br><br> Defendant <br><br> and <br><br> The Coalition for Fair Trade in Ceramic Tile, <br><br> Defendant-Intervenor. | Court No. 23-00041 |

**Comments on Remand Determination**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
Counsel for Plaintiffs

Dated: July 21, 2025

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

   A. **Introduction**

Pursuant to the Court's remand order, plaintiffs Elysium Tiles, Inc and Elysium Tile Florida, Inc, respectfully submit their comments on the Department's Second Remand Determination. As demonstrated below, the remand determination properly addressed the issues raised in the remand and thus should be accepted by the Court.

   B. **Summary of Argument**

- The Department correctly applied the analysis pursuant to 19 C.F.R. § 351.225(k)(2) and determined that Plaintiffs' composite tile falls outside of the scope.

- The Department correctly rejected Defendant-Intervenor's comments on physical characteristics because the marble layer of the composite tile is distinguishable.

- The Department correctly rejected Defendant-Intervenor's comments on expectations of the ultimate users because end users expect to experience the properties of the marble layer.

II. **ARGUMENT:**

   **REMAND DETERMINATION**

   A. **The Department Correctly Determined that Plaintiffs' Composite Tile is Not Covered by the Scope Following 19 CFR § 351.225(k)(2)**

1

On remand, the Department correctly concluded that Plaintiffs' composite tile product is not covered by the scope in accordance with 19 CFR § 351.225(k)(2)(i), which includes the following factors:

(A) Physical characteristics;
(B) Expectation of the ultimate users;
(C) Ultimate use of the product;
(D) Channels of trade;
(E) Manner which the product is advertised and displayed.

The Department found that the composite tile has distinguished physical characteristics from the subject merchandise due to the composite tile's marble layer, which has "different chemical and physical properties" from the ceramic layer. (Remand at 6). The Department also found that the composite tile has a distinguished expectation of the ultimate users because the ultimate users expect to see and feel a marble surface. *Id*. at 7. With respect to the factors of ultimate use, channels of trade, manners of advertisement and display, the Department concluded that there was no distinction between the ceramic tile and the composite tile. *Id*. at 7-8. Despite these factors, the Department properly applied 19 CFR § 351.225(k)(2)(ii), which states that more weight should be given to physical characteristics in the event of a conflict between the K(2) factors. 19 C.F.R. § 351.225(k)(2)(ii). Because the marble layer is a distinct physical characteristic of the composite, applying 19 CFR § 351.225(k)(2)(ii), the Department correctly determined that Plaintiffs' composite tile is not covered by the scope.

2

## INTERESTED PARTY COMMENTS ON DRAFT RESULTS

Both Plaintiff and Defendant-Intervenor submitted comments on the draft remand. The Defendant-Intervenor addressed these comments and Plaintiffs now comment on the responses.

### A. The Department Correctly Rejected Defendant-Intervenor's Comments on Preserving the First Remand Redetermination Based on the K(1) Factors

In its comments, Defendant-Intervenor argued that the Department should maintain its findings from the First Remand Redetermination and find that the composite tile is within the scope. (Defendant-Intervenor's Comments at 4). In response, the Department determined that preserving the First Remand Redetermination based on the K(1) factors would be contrary to the Court's ruling. (Remand at 10). Plaintiffs support the Department's determination because "{r}ejecting the court's analysis for purposes of completing a remand determination is tantamount to disobeying the court." (Order at 8). Further, it is the Court's order that the Department shall conduct analysis pursuant to the K(2) factors. *Id*. at 12. The Court should disregard Defendant-Intervenor's comments because they are contrary to the Court's ruling.

### B. The Department Correctly Rejected Defendant-Intervenor's Comments on Physical Characteristics

Defendant-Intervenor next argued that the composite tile's marble layer is not separated from the rest of the composite tile, thus not a distinguished physical

3

characteristic. (Defendant-Intervenor's Comments at 8). In addition, Defendant-Intervenor rejected the "normally" element contained in 19 C.F.R. § 351.225(k)(2)(ii) and argued that the preamble to the regulations recognizes instances where the Department determines the physical characteristics factor is not given greater weight. *Id*.

The Department properly rejected Defendant-Intervenor's comments because the marble layer, which is permanently bonded to the porcelain base, is not a physical characteristic of the ceramic tile. (Remand at 14). The composite tile, as a whole, has distinguished physical characteristics different from the ceramic tile. *Id*. In response Defendant-Intervenor's reference to the preamble, the Department included that the preamble also stated:

> "…it has been Commerce's consistent practice to give greater weight to our analysis of the physical characteristics of the particular product. This is because the scopes of orders are generally written to cover products with certain physical characteristics, and it is an established principle in our scope practice that the objective characteristics of merchandise, including the physical descriptions of merchandise, should be given greater weight in case of a conflict between the factors under consideration." (Remand at 11-12 (citing Regulations to Improve Administration and Enforcement of Antidumping and Countervailing Duty Laws, 86 FR 52300, 52324 (September 20, 2021)). *Id.*

Plaintiffs support the Department's findings because the record has sufficiently demonstrated that the marble layer is a physical characteristic which the ceramic tile does not have. In addition, the Court should reject Defendant-Intervenor's reference to the preamble. As the Department pointed out, Defendant-Intervenor merely

4

referenced half of what the preamble stated. Based on the Department's reference, it is Commerce's "consistent practice" to allocate greater weight to the physical characteristics. Defendant-Intervenor provides no reason to show this is a rare situation where greater weight should not be given to physical characteristics.

### C. The Department Correctly Rejected Defendant-Intervenor's Comments on Expectation of the Ultimate Users

Defendant-Intervenor argued that the Department's analysis of the Expectation of the Ultimate Users factor is not based on substantial evidence. (Defendant-Intervenor's Comments at 11). To support its position, Defendant-Intervenor pointed to photographs contained in the original Petition that show the indistinguishable "marble and stone look tile." *Id*. In response to Defendant-Intervenor's comments, the Department concluded that the evidence cited by Defendant-Intervenor does not establish uniform Expectation of the Ultimate Users, particularly, these evidences only cover visual appearance but not "the feel of ceramic tile." (Remand at 16-17). Plaintiffs support the Department's determination that the composite tile has different Expectation of the Ultimate Users because end users intend to feel the marble layer.

### III.    CONCLUSION

Based on the facts of record and the Department's K(2) factory analysis, it's clear that Plaintiffs' composite tile is outside of the scope of the order. The Court should accept the Department's redetermination and hold that Plaintiffs' composite

5

tile is outside the scope of the order and that the Department issue notice of the determination and liquidation instructions to that effect.

Respectfully submitted,

/s/ David Craven
David Craven

*Counsel to Elysium Tiles, Inc
and Elysium Tile Florida, Inc*

Dated: July 21, 2025